## APPEAL OF J. HUDSON McKNIGHT.

Docket No. 4048.   Submitted November 27, 1925.   Decided March 30, 1926.

Value of land in question at March 1, 1913, determined from the evidence adduced at the hearing to be $125,000.

*W. E. Holmes* and *D. W. Eaton*, *Esqs.*, for the taxpayer.
*A. H. Fast*, *Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

This appeal is from the determination of a deficiency for the year 1919 in the amount of $15,376.52, of which $12,301.22 is assessed as a deficiency in tax and $3,075.30 as a penalty for failing to make an income-tax return for the year in question. Two issues are involved: (1) The gain realized from the sale of a certain parcel of real estate in 1919; and (2) whether a delinquency penalty should be assessed.

### FINDINGS OF FACT.

For many years prior and subsequent to March 1, 1913, J. Hudson McKnight owned, resided on, and operated a farm of about 124 acres, located approximately 1 mile east of the business center of Wichita, Kans., a city that had a population of more than 70,000 at January 1, 1920. This farm was bounded on the north by English Street for a distance of 1,268.3 feet; and by Douglas Avenue, the main east and west business thoroughfare of Wichita, for a distance of 1,163.45 feet; on the east by Grove Street for a distance of approximately 2,640 feet; on the south by Kellogg Street for a distance of approximately 2,640 feet; and on the west by Hydraulic Avenue for a distance of approximately 2,000 feet.

At March 1, 1913, the residential district of Wichita, plotted and solidly built up, extended for a distance of more than one mile to the eastward of the east line of the farm, and for about the same distance north and south from Douglas Avenue and Kellogg Street, respectively. The owner made no attempt to plot or sell any part of the land as city lots.

A small stream, known as Chisholm Creek, originally meandered through the western part of the farm, but, prior to 1913, had been straightened into a drainage canal, 150 feet in width, extending north and south. This canal divided the entire farm into two tracts, of which the western portion, bounded by English Street, the canal, Kellogg Street, and Hydraulic Avenue, contained approximately 54 acres, and the eastern portion, bounded by Douglas Avenue, Grove Street, Kellogg Street, and the canal, contained approximately 70 acres. That part of the farm to the east of the canal is

the land the value of which at March 1, 1913, is in controversy in this appeal. It is rectangular in form, extending one-half a mile north and south between Douglas Avenue and Kellogg Street, and approximately one-fourth of a mile east and west between Grove Street and the canal.

In flood seasons the canal overflows some of the adjacent land, and at all times it carries considerable surface drainage. Prior to March 1, 1913, a city sewer, adequate in size to replace the canal for sewerage purposes, had been authorized but not constructed. The waters of the creek, later straightened and connected into the canal, sometimes had an offensive odor, due to large quantities of water used for flushing certain packing houses to the northward.

In the year 1919 the Board of Education of Wichita caused all that part of the farm located east of the drainage canal to be condemned as sites for school buildings and grounds. The owner protested the condemnation award and began a court action to have the same set aside. The controversy thus arising was settled by a payment to the owner of $150,250 by the board. The transfer of the 70-acre tract by J. Hudson McKnight was not a voluntary sale. The condemnation settlement was not, in his judgment, equal to the value of the land, either at March 1, 1913, or at the date of the transfer.

The taxpayer's income for the year 1919, other than the gain realized from the sale in question, was less than $2,000.

Upon audit of the taxpayer's income-tax returns for 1920 and 1921 the Commissioner determined a deficiency for 1919 in the amount of $1,832.88, and so notified the taxpayer in a so-called 30-day letter dated July 26, 1924. No hearing or action of any kind in respect to this letter is disclosed by the record. This alleged deficiency was based on a valuation of the land of $125,000 as of March 1, 1913, which was the result of a retrospective appraisal made by a committee of the Wichita Real Estate Board. On March 13, 1925, the Commissioner addressed a second letter to the taxpayer, in which the deficiency now in controversy, in the amount of $15,376.52, was asserted. Of this total deficiency, the amount of $3,075.25 is asserted as a penalty for failure to make any income-tax return for the year 1919. The deficiency now asserted is based on alleged gain in the amount of $57,504.50 realized from the transfer of the land in question to the Board of Education, and on a value of the tract at March 1, 1913, of $84,775.84.

The land involved in this appeal had a fair market value of $125,000 at March 1, 1913. The taxpayer realized gain from the payments made in the condemnation proceedings in the amount of $25,250.

LANSDON: In this appeal the Board determines: (1) The value at March 1, 1913, of the land described in the findings of fact; and (2) whether a penalty shall be assessed against the taxpayer for his failure to make an income-tax return for the year 1919.

In support of his contention that the land in question had a fair market value of not less than $125,000 at March 1, 1913, the taxpayer introduced the depositions of 11 reputable business men of Wichita. Eight of the deponents are real-estate dealers in Wichita, and all are members of the real estate board of that city. Seven of these witnesses fixed the market value of the land at $125,000 at March 1, 1913. The eighth witness testified that the value was at least $140,-000 at that date, and that he would have paid that amount for the tract if the owner had been willing to sell. Three witnesses, a banker and two lumber dealers, all of whom have lived in Wichita for many years, placed the value of the tract at $145,900, $145,000, and $140,000 on March 1, 1913. The average of values placed on the tract by eight real-estate men was $126,875, and by the men in other lines of business was $143,633, and the average of values determined by all the taxpayer's witnesses was $131,445.

The Commissioner introduced the depositions of two witnesses, of whom one is a real-estate dealer who was not in Wichita at March 1, 1913, and the other is a city official who was deputy county assessor in 1912. The real-estate man testified that prior to 1913 he had the taxpayer's consent to sell the entire farm for $50,000, and that in his judgment the tract in question was worth $45,000 at March 1, 1913. Mrs. McKnight testified that she was at all times familiar with the business of her husband, and that to her knowledge he had never listed the farm with any dealer, and that he always regarded the entire tract as worth at least $300,000.

The second witness for the Commissioner testified that he had assessed the entire farm for state taxation purposes in 1912 at $175,000, and that the actual value of the farm at that time was somewhere between $180,000 and $200,000. He also testified that the eastern portion of the farm, the tract involved in this appeal, was worth considerably more, relatively, than the part west of the drainage canal.

In the light of all the evidence, the Board is of the opinion that the fair market value of the tract in question at March 1, 1913, was not less than $125,000.

It is not disputed that the taxpayer failed to make an income-tax return for 1919. Section 3176, Revised Statutes of the United States, as amended, provides as follows:

In case of any failure to make and file a return or list within the time prescribed by law, or prescribed by the Commissioner of Internal Revenue or the collector in pursuance of law, the Commissioner of Internal Revenue shall add to the tax 25 per centum of its amount, except that when a return is filed after such time and it is shown that the failure to file it was due to reasonable cause and not to willful neglect, no such addition shall be made to the tax.

We are of the opinion that such a penalty, based on the tax determined by the valuation that we have found, must be assessed against the taxpayer.

*Order of redetermination will be entered on 15 days'. notice, under Rule 50.*